IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL LUTZ, | ) | |
| | ) | |
| Plaintiff, | ) | 2:20-CV-00676-CCW |
| | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| PORTFOLIO RECOVERY ASSOCIATES, | ) | |
| LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER DENYING PLAINTIFF'S MOTION TO RECONSIDER**

On January 19, 2021, the Court granted Defendant's Motion to Dismiss the Amended

Complaint.  ECF Nos. 39, 40.  Plaintiff moved for reconsideration on February 15, 2021.  ECF

No. 41.  "The purpose of a motion for reconsideration is to correct manifest errors of law or fact

or to present newly discovered evidence."  *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir.

1985).  Reconsideration is available only where the movant shows at least one of the following:

> (1) an intervening change in the controlling law;  (2) the availability
> of new evidence;  or (3) the need to correct a clear error of law or
> fact or to prevent manifest injustice.

*Max's Seafood Café by Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).  Mere

disagreement with the earlier ruling is insufficient;  the movant must show that the "Court

committed a direct, obvious, or observable error, and one that is of at least some importance to the

larger proceedings."  *In re Energy Future Holdings Corp.*, 904 F.2d 298, 312 (3d Cir. 2018).

"[T]he focus is on the gravity and overtness of the error."  *Id*.

The Court's January 19, 2021 Order dismissed Plaintiff's claims that Defendant violated

the Pennsylvania Consumer Discount Company Act, 7 P.S. §§ 6021, *et seq.* (the "CDCA")

because, by its plain terms, the CDCA "shall not apply to any person, persons, partnership,

association or corporation . . . licensed by the Secretary of Banking of the Commonwealth of

Pennsylvania under the provision of any other statute[,]"  7 P.S. § 6217, and Plaintiff holds a

license that was issued by the Secretary of Banking.  *See* ECF Nos. 39, 40, at ¶ 9 (citing Am.

Compl., ECF No. 22, at ¶¶ 66–67 (citing 12 P.S. § 6243)).

Plaintiff argues that reconsideration of the Court's January 19, 2021 Order is warranted to

correct a clear error of law or fact or to prevent manifest injustice.  *See* ECF No. 42, at 4–9.

Plaintiff asks the Court to "look behind the plain language of [the] statute" because the result is

"not just unwise but is clearly absurd."  ECF No. 42, at 9 (quoting *Pennsylvania v. Navient Corp.*,

967 F.3d 273, 284 (3d Cir. 2020).   According to Plaintiff, the Court's ruling leaves the

"Department [of Banking], private parties, and the courts powerless to enforce the comprehensive

interest and fee limitations imposed on non-banks in Pennsylvania."  *Id*.  Plaintiff also asks the

Court to discard its previous ruling and instead rule that "non-banks are exempt from the CDCA

only to the extent that non-banks charge, collect, contract for, or receive the interest and fees

allowed by the non-CDCA license a non-bank holds."  ECF No.  42, at 8.

The Court declines Plaintiff's invitation to sidestep the plain language of the statute.

Plaintiff's argument sidelines the principles of federalism and separation of powers, by asking this

Federal Court to speculate as to the Pennsylvania Legislature's intentions in passing the CDCA in

the face of unambiguous statutory language.  *See* ECF No. 42, at 7.  Furthermore, interpreting the

CDCA to exclude entities licensed by the Secretary of Banking is far from an absurd result.  As

the Court's Opinion explained, the statute can be fairly read to exempt those entities because the

Department of Banking has oversight authority over its licensees, even those which are licensed

are under other statutes.  ECF No. 39, at 10.  Therefore, Plaintiff has not shown that the Court

committed error, let alone clear error, in its January 19, 2021 Opinion and Order.

Plaintiff's Brief in Support of its Motion for Reconsideration asserts that Plaintiff stated a claim for relief because Defendant exceeded the limits of its CCC license by attempting to collect interest at a rate higher than 22.90% and large fees charged in excess of 10%. ECF No. 42, at 5. Defendant correctly points out that Plaintiff's Amended Complaint alleged that Defendant violated Chapter 63 of the Consumer Credit Code. Def.'s Br. in Opp. to Reconsideration, ECF No. 41, at 8; *see also,* Am. Compl., ECF No. 22, at Count III. Defendant is licensed under Chapter 62 of the CCC—Plaintiff did not include claims that Defendant violated Chapter 62 of the CCC in its Complaint or in its Amended Complaint. *See generally*, ECF Nos. 1, 22. Reconsideration is not an appropriate mechanism to present a new claim. *Hatten v. Bledsoe*, 1:12-cv-772, 2012 WL 4718631, at *2 (M.D. Pa. Oct. 3, 2012), *aff'd*, 522 Fed.Appx. 161 (3d Cir. 2013) ("A motion for reconsideration cannot be used to present a new claim."); *Farkas v. Rich Coast Corp.*, No. 2:13-cv-926, 2014 WL 550559, at *2 (W.D. Pa. Feb. 11, 2014). Accordingly, reconsideration is not appropriate based on Plaintiff's argument that Defendant violated Chapter 62 of the CCC.

Plaintiff's Motion for Reconsideration is HEREBY DENIED.

DATED this 9th day of March, 2021.

BY THE COURT:

/s/ Christy Criswell Wiegand
CHRISTY CRISWELL WIEGAND
United States District Judge

cc (via ECF email notification):

All Counsel of Record